JOHNSON, Chief Justice,
dissents and assigns reasons.
|,1 respectfully dissent. In my view, the majority opinion has disregarded over fifty years of jurisprudence holding that “the Double Jeopardy Clause bars retrial following a court-decreed acquittal, even if the acquittal is ‘based upon an egregiously erroneous foundation.’ ”[1]
In Evans, the United States Supreme Court outlined the broad scope of the Double Jeopardy Clause. A defendant’s Constitutional rights are violated when a court reviews a verdict of acquittal for error or otherwise.[2] An acquittal is unreviewable when a judge enters a judgment of acquittal herself[3], directs a jury to return a verdict of acquittal[4], or when an acquittal is premised upon an erroneous decision to exclude evidence.[5] In all of these situations, “the fact that the acquittal may result from an erroneous evidentiary rulings or erroneous interpretations of governing legal principles affects the accuracy of that determination, but it does Unot alter its essential character.”[6] Acquittals carry such legal significance that a merits-related ruling concludes proceedings absolutely.[7] “To permit a second trial after an acquittal, however mistaken the acquittal may have been, would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that ‘even though innocent, he may be found guilty.’ ”[8]
Here, it is plain that the trial court evaluated the State and defendant’s evidence and determined that the State had legally insufficient evidence pursuant to *153 the criminal statute. The trial judge granted an acquittal, finding the State had not proved the victim’s mental infirmity pursuant to the criminal statute, and dismissed the jury. Several days later, the judge stated he had made an error in granting an acquittal and, in trying to fix the mistake, ordered a mistrial.
The majority’s opinion attempts to bypass the defendant’s double jeopardy protections under Federal and State law. However, the United States Supreme Court, in Evans and Fong Foo, has made clear that once an acquittal is granted, even if made in error, it is final. The Double Jeopardy Clause exists to protect individuals from being subjected to repeated prosecutions for the same offense. “[Rjetrial following an acquittal would upset a defendant’s expectation of repose, for it would subject him to additional ‘embarrassment, expense, and ordeal’ while compelling him to live in a continuing state of anxiety and insecurity.”[9] The judge may not violate the defendant’s Fifth Amendment rights by later ordering a mistrial after an acquittal was granted.

. Evans v. Michigan,-U.S.-, 133 S.Ct. 1069, 1074, 185 L.Ed.2d 124 (2013), quoting Fong Foo v. United States, 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962).

. See Evans, 133 S.Ct. at 1074, quoting United States v. Ball, 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300 (1896) ("A mistaken acquittal is an acquittal nonetheless, and we have long held that ‘[a] verdict of acquittal ... could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.' ")

. See Smith v. Massachusetts, 543 U.S. 462, 467-468, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005).

. See Fong Foo, 369 U.S., at 143, 82 S.Ct. 671,

. See Sanabria v. United States, 437 U.S. 54, 68-69, 78, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978)

. United States v. Scott, 437 U.S. 82, 98, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (internal quotation marks and citation omitted).

. Evans, 133 S.Ct. at 1075.

. Scott, 437 U.S. at 91, 98 S.Ct. 2187, quoting Green v. United States, 355 U.S. 184, 188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

. Evans, 133 S.Ct. at 1075.